Herbert, J.,
dissenting. The majority opinion observes that relator is reluctant to rely on the provisions of Sections 143.26 and 143.27 and the proviso at the end of the second paragraph of Section 5119.491, Revised Code (referring to Section 143.07 (F), Revised Code).
Section 143.27 deals only with removal, authorized grounds therefor and the procedure to be followed in such cases.
Section 143.26, Revised Code, reads in part:
“# * * In all such cases of reduction, layoff, or suspension *311 of an employee, whether appointed for a definite term or otherwise, the appointing authority shall furnish such employee with a copy of the order of layoff, reduction, or suspension, and his reasons for the same, and give such employee a reasonable time in which to make and file an explanation. Such order together with the explanation, if any, of the employee shall be filed with the commission. * * *”
In this case respondent Haines did not furnish relator with reasons for his order of reduction and did not give him any time in which to make and file an explanation. The order (minus the reasons therefor) was not filed with respondent Civil Service Commission, and, of course, a nonexistent explanation by relator could not have been.
Accordingly, the cases of State, ex rel. Harris, Chief of Police, v. Haynes, Mayor, and State, ex rel. Sidell, v. Cole, Dir., cited in the majority opinion, cannot, in the view of this writer, be considered applicable in the instant case. The desire of the relator as observed in the majority opinion “to avoid the consequences- of the law as announced by our decisions in” the two above-cited cases should be of no concern.
The letter of respondent director to relator, dated October 29, 1957, the letter of relator to the Civil Service Commission, dated November 7, 1957, and the reply of the commission to the relator, dated December 9, 1957, are all attached to the petition.
The substance of respondent director’s letter to relator is set out in the statement preceding the majority opinion.
The letter of relator to the commission states the facts (which are not disputed) and concludes:
“By assigning me to a position at a pay reduction of $3,000 per year, the director has reduced me in pay in violation of Section 143.26 of the Bevised Code. Such section requires that the appointing authority furnish the employee reduced in pay with his reasons for such reduction. No such reasons were furnished to me. The section further requires that I be given a reasonable time to file an explanation; no such time was given to me. My only information is the letter of October 29, 1957, set out above. * # * Such reduction in pay and position is, accordingly, unlawful under Section 143,26 of the Bevised Code,
*312 Í l # # *
“For all the foregoing reasons I respectfully appeal to the state Civil Service Commission and request that the decision of the Director of the Department of Mental Hygiene and Correction be specifically disaffirmed and that I be restored to the position of Assistant Commissioner of Mental Hygiene, or, in the alternative, that such decision or action be modified so as to provide that my salary, as physician specialist V, the position I held immediately prior to my appointment as commissioner, be that which it was in such position, to wit, $20,000 per year.
“I further request, in accordance with the commission’s Rules XII and XIII and Sections 143.26 and 143.27 of the 'Revised Code, that this appeal be heard promptly, and that I have an opportunity to appear in person and be represented by counsel.”
The last two paragraphs of the commission letter, signed by its chairman, are as follows:
“Section 5119.491, Revised Code, and Section 143.07, Revised Code, are, in our opinion, in conflict. Section 5119.491 grants to the director the power to govern and determine the classification and pay of a physician specialist and further provides that this commission shall be governed by the action of director. It should be noted that this broad power is not limited merely to increasing the pay of a physician specialist. If this commission were to hear an appeal of a physician specialist relative to a reduction in pay or position it would, in effect, mean that the language of Section 5119.491, granting the above-mentioned broad powers to the director, was of no force or effect.
“Section 5119.491 and Section 143.07 must, of course, be interpreted in a manner which will give meaning to both sections. Accordingly, it is the opinion of the commission that the duties and powers imposed on this commission do not include the duty or power to hear an appeal relative to the reduction in pay or position of a physician specialist, as the power to determine such pay or position has been invested solely in the Director of the Department gf Mental Hygiene and Correction,”
*313 Beference is also made in the majority opinion to Sections 119.01 (D), (E), (H), and 119.12, in the Chapter on Administrative Procedure.
Section 119.01 (D) defines “adjudication” as “the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person.”
Section 119.01 (E) defines “hearing” as “a public hearing by any agency in compliance with procedural safeguards afforded by Sections 119.01 to 119.13, inclusive, of the Bevised Code.”
Section 119.01 (H) defines “appeal” as “the procedure by which a person aggrieved by a finding, decision, order, or adjudication of any agency, invokes the jurisdiction of a court.”
Section 119.12, Bevised Code, refers to an appeal to the Court of Common Pleas by a party adversely affected;
None of these sections seem applicable to this case as by no stretch of this writer’s imagination can the letter of the Civil Service Commission, dated December 9, 1957, be considered an adjudication. To the contrary, it is a disclaimer of jurisdiction.
Sections 5119.07 and 5119.491 of the Bevised Code are 'quoted in part in the statement preceding the majority opinion. Beference is also made to Section 143.07 (F). This section reads in part:
“The commission shall:
i i * # *
“ (F) Hear appeals from the decisions of appointing officers of persons in the classified service, who have been reduced in pay or position, laid off, suspended, discharged, or discriminated against by such appointing authority.”
The above provision should be read together with the provisions of Sections 5119.07 and 5119.491 quoted in the majority opinion, particularly in the light of the proviso at the end of the quoted portion of Section 5119.491, “that nothing in this section shall alter the powers and duties of the state Civil Service Commission as defined in Division (F) of Section 143.07 of the Be-vised Code. ’ ’
The majority opinion emphasizes the portion of Section 5119.491, that “any physician classified and designated a physi *314 cian specialist under authority of this section may be assigned to a different physician specialist classification upon order of the director,” whereas this writer would emphasize the proviso quoted above.
Concededly, the relator could be reassigned under the provisions emphasized in the majority opinion, but I do not believe such reassignment can be made without first complying with Section 5119.07. Under the latter section, relator would appear to be legally entitled to his former position and salary or to another position “certified by the director with approval of the state Civil Service Commission as being substantially equal to such position.”
Failure by the respondent Haines to take the required procedural steps and disclaimer of jurisdiction by the respondent Civil Service Commission under what would appear to be a clear mandate of Section 143.07 (F) entitle the relator here, in the writer’s opinion, to the relief sought in his mandamus petition. Obviously, a $17,000 a year job is not the same position as a $20,000 a year job. My basic difference with the majority opinion is that it takes the position that merely because the director may do one thing under one section of the statute, he may completely ignore the plain unequivocal requirements of other sections. This dissent is based on the simple proposition that the sections involved are not in conflict but rather are reconcilable within the full spirit and purpose' of the civil service law.
Bell, J., concurs in the foregoing dissenting opinion.